# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

HUBERT MADISON, :
:
    Petitioner, :
:
VS. : **7 : 09-CV-101 (HL)**
:
BRUCE CHAPMAN, :
:
    Respondent. :

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2005 Lowndes County conviction for burglary and aggravated assault. (Doc. 2). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to twenty (20) years imprisonment for each count, to run consecutively. Petitioner appealed his conviction to the Supreme Court of Georgia. His conviction was affirmed on appeal. *Madison v. State*, 281 Ga. 640 (2007).

Petitioner filed a state habeas petition on July 2, 2007 in the Superior Court of Hancock County. (Doc. 6-2). The petition was transferred to the Superior Court of Mitchell County. Following an evidentiary hearing, the state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on May 4, 2009. (Doc. 6-4). Petitioner filed this federal habeas petition on August 17, 2009. (Doc. 2).

## Factual Background

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir.

1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") thus retains the statutory presumption of correctness that is to be afforded state courts' factual findings. *Id.* As no dispute has been raised herein regarding the findings of fact issued by the Supreme Court of Georgia, said findings are hereby adopted as follows:

> The evidence adduced at trial showed that appellant was seen carrying a flashlight in the victim's neighborhood on the night of the crimes and that an intruder, whom the elderly victim later identified as appellant, broke into the victim's home through a window, went into her bedroom, grabbed her by the neck and struck her with a flashlight while telling her he intended to kill her. When later interviewed by police, appellant knowingly and voluntarily confessed to committing the crimes.

*Madison*, 281 Ga. at 640-41; (Doc. 6-1, p. 1).

## **Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." In interpreting this portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary to" clearly established Supreme Court precedent if the state court either (1) arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause,

then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411. An unreasonable application of Supreme Court precedent occurs "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." *Id.* at 407. "In addition, a state court decision involves an unreasonable application of Supreme Court precedent 'if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" *Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of his claims was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). In other words, as this is a post-AEDPA case, the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision was either contrary to or an unreasonable application of Federal law as determined by the Supreme Court, or if the state court issued an unreasonable determination of the facts. *Williams*, 529 U.S. at 405; *Early v. Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. § 2254(d)(1).

### Petitioner's Habeas Claims

In his Petition for federal habeas relief, the Petitioner sets forth the following three grounds for relief: 1) prosecutorial misconduct; 2) ineffective assistance of counsel; 3) false imprisonment. (Doc. 2).

*Procedurally defaulted grounds*

Initially, the Respondent asserts that Grounds 1 and 3, identified by the Petitioner as raising claims of prosecutorial conduct and false imprisonment, are procedurally defaulted. These grounds were raised in Petitioner's state habeas proceedings. The state habeas court found that these claims were procedurally defaulted under O.C.G.A. § 9-14-48(d), because Petitioner failed to raise these grounds at trial or on direct appeal. (Doc. 6-3).

Petitioner must raise all claims either at trial and on appeal to avoid procedural default. *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991). Relying on *Black v. Hardin*, 255 Ga. 239, 240, 336 S.E.2d 754 (1985) and *Earp v. Angel*, 257 Ga. 333 (1987), the state habeas court found Grounds 1 and 3 of Petitioner's petition had not been timely raised at trial or on direct appeal. As such, the court concluded that Petitioner procedurally defaulted these grounds in failing to raise them at trial or on direct appeal. (Doc. 6-3, p. 2-3).

O.C.G.A. § 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

Further, the Supreme Court held in *Coleman*:

> We now make it explicit: In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

4

A state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and prejudice must be established in order to overcome the procedural bar, and the burden of demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480, 488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a possibility of prejudice, "but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 495 (quoting *United States v. Frady*, 456 U.S. 152, 156 (1982)). The Court made clear that both cause and actual prejudice must be shown, and specifically rejected the contention that cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495. Additionally, a mere possibility of actual prejudice resulting from an error at trial will not waive the procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S. at 91.

Herein, Petitioner has not established cause or prejudice in order to excuse the procedural default of these claims. Further, Petitioner does not allege that he was "actually innocent," which is necessary to show a fundamental miscarriage of justice if his federal claims are not considered. *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (petitioner must show "actual innocence" to meet the "fundamental miscarriage of justice exception"). Accordingly, this Court must defer to

the state court's findings of procedural default. *Coleman*, 501 U.S. at 750; *Mincey v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000).

The state habeas court found that Petitioner procedurally defaulted on Grounds 1 and 3 because he failed to raise the claims either at trial and/or on appeal. Further, the court determined that "Petitioner [] failed to demonstrate the necessary *cause* and *prejudice* sufficient to overcome [the] procedural bar." (Doc. 6-3) (emphasis in original). As Petitioner provides no new evidence demonstrating cause and prejudice, the Court, deferring to the state court's decision, finds that Grounds 1 and 3 of Petitioner's Petition are procedurally defaulted.

*Lack of merit*

In Ground 2, Petitioner alleges that he received ineffective assistance of counsel because his counsel was "unconscious" of the prosecutor's use of perjured testimony. (Doc. 2). Further, Petitioner states that his counsel was "unconscious" of the fact that burglary and aggravated assault crimes were the same as a matter of law and fact, and that the indictment was void and defective. Petitioner concludes that this constitutes ineffective assistance of counsel.

The state habeas court made findings of fact regarding the issue of ineffective assistance of counsel after conducting an evidentiary hearing at which Petitioner's counsel testified. The state habeas court found the following relevant facts:

> In the instant case, the Petitioner was represented at trial and on appeal by Jon W. McClure. At the time of his representation of the Petitioner, counsel was employed as an Assistant Public Defender for the Southern Judicial Circuit and approximately 100% of his practice was dedicated to representing defendants in criminal proceedings. The gravamen of Petitioner's ineffective assistance of counsel claim is that counsel failed to move to impeach [the victim] with her apparent contradictory statement as to whether or not the Petitioner had been in her home prior to the night of the incident. However, counsel testified that, as part of his trial strategy, he did not want to provide the witness with an opportunity to change her testimony to correspond with her previous statements which were adverse to the

> Petitioner. Additionally, counsel did not observe any aspect of the
> indictment which would render it void.

(Doc. 6-3, p. 4) (internal citations omitted).

The state habeas corpus court explicitly applied *Strickland v. Washington*, 466 U.S. 668 (1984) to find that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegation of ineffective assistance of counsel.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims. In *Strickland v. Washington,* 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a defendant must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* Second, a defendant must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690. The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

In his Petition, Petitioner only provided an explanation of his claims, and failed to provide any evidence showing the state court's decision was either contrary to or an unreasonable application of Federal law. (*See* Doc. 2). After review, the state court's analysis regarding the representation provided by trial counsel reveals that its conclusions were neither contrary to nor an unreasonable application of clearly established Federal law. Thus, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's claim of ineffective assistance of counsel. 28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

*Conclusion*

As none of the grounds raised by the Petitioner will support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order. If the Petitioner files an objection to this recommendation, he may include therein any arguments he wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 14th day of June, 2011.

                                           s/ *THOMAS Q. LANGSTAFF*
                                           **UNITED STATES MAGISTRATE JUDGE**

llf